Argued and submitted September 23, affirmed December 16, 1998

# STATE OF OREGON,
*Respondent,*

*v.*

# DALE BERG FRASIEUR,
*Appellant.*

(96 C 21474; CA A97159)

972 P2d 908

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Holly Ann Vance, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals his conviction for escape in the second degree, asserting that disciplinary sanctions that he received on his return to prison constituted criminal punishment, with the result that this prosecution violated the double jeopardy clauses of the state and federal constitutions. He recognizes that we rejected similar arguments in *State v. Rezin*, 139 Or App 156, 911 P2d 1264 (1996), *withdrawn by order* March 28, 1996, *reasoning readopted and reaffirmed State v. Whittlinger*, 142 Or App 308, 919 P2d 1206 (1996). He argues, however, relying on a footnote in *Rezin*, 139 Or App at 163 n 6, that his case is distinguishable because the length of the disciplinary sanctions would make it impossible for him to pay the disciplinary fine from his prison earnings. As a result, he says, the fine cannot be punishment for his previous offense but must be punishment for the escape for which he was prosecuted in this case.

In *Rezin* and *Whittlinger*, we based our discussion of when civil penalties constitute criminal punishment for double jeopardy purposes on *United States v. Halper*, 490 US 435, 109 S Ct 1892, 104 L Ed 2d 487 (1989). Since then, the United States Supreme Court has effectively overruled *Halper* and returned to its previous understanding of that issue. *Hudson v. United States*, 522 US 93, 118 S Ct 488, 139 L Ed 2d 450 (1997). In light of that change in the law, much of our discussion in *Rezin* was unnecessary, and the fines in this case clearly do not implicate the double jeopardy clauses.

Affirmed.